UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LS PARRY, INC.,

                           Plaintiff,                    18-cv-11808 (NSR)

        -against-                                        OPINION & ORDER

TEPEYAC, LLC and LESLIE GUZMAN,

                           Defendants.

NELSON S. ROMÁN, United States District Judge:

        Plaintiff LS Parry, Inc. commenced the instant action on or about December 19, 2018,

alleging breach of contract, unjust enrichment, quantum meruit, fraud, conversion, violations of

New York General Business Law § 349, constructive trust and tortious interference with contract

against Defendants Tepeyac, LLC and Leslie Guzman (together, "Defendants").  (Complaint

("Compl."), ECF No. 9.)

        Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to

Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), or, in the alternative, to

transfer venue to the United States District Court for the Southern District of Ohio.  (*See* ECF

No. 24.)  For the following reasons, Defendants' motion to dismiss is DENIED, and Defendants'

motion to transfer venue is GRANTED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  08/25/2020

**BACKGROUND**

**I.     Factual Allegations**

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to Plaintiff for the purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff LS Parry, Inc. ("Plaintiff") is a New York corporation with its principle place of business in Haverstraw, New York and additional offices in White Plains, New York.  (Compl." ¶ 1.)  Defendant Tepeyac, LLC ("Tepeyac") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  (*Id.* ¶ 2.)  Defendant Leslie Guzman ("Guzman") is the CEO of Tepeyac, LLC.  (*Id.* Ex. 1 ("Contract") at 6.)

On November 1, 2017, Plaintiff and Tepeyac entered into a Client Agreement (the "Contract") engaging Plaintiff as sales representative to launch Tepeyac's new toy product line.  (*Id.* ¶ 6; Contract ¶ 1.)  In exchange for a monthly fee and ten percent of sales, Plaintiff agreed to perform new business development outreach for Defendant "to generate . . . product placement" across a variety of mediums.  (Compl. ¶ 6.)  Plaintiff's duties included overseeing approved sales relationships with retailers, preparing for and providing representation at trade shows, and developing advertising material and marketing strategies.  (*Id.* ¶¶ 6–10.)  Defendants contracted Plaintiff primarily to market their new "Lupita" doll and associated products.  (*Id.* ¶ 13.)

Due to Plaintiff's efforts on Defendants' behalf, retailer Target entered into an exclusive distribution agreement with Defendants for the "Lupita" doll.  (*Id.*)  Afterwards, Plaintiff alleges that Guzman "intentionally sabotaged" Plaintiff's working relationship with Defendants.  (*Id.*)  Plaintiff further claims that Defendants failed to pay Plaintiff  "any of the agreed upon

commissions owed from the sales of the 'Lupita' toy" despite Plaintiff's fulfillment of its

contractual obligations.  (*Id*. ¶ 15.)

## LEGAL STANDARDS

### I.   Rule 12(b)(2)

A court must dismiss an action against any defendant over whom it lacks personal

jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  To survive a motion to dismiss under Rule 12(b)(2) of

the Federal Rules of Civil Procedure, the plaintiff bears the burden of "mak[ing] a prima facie

showing that jurisdiction exists."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d

161, 167 (2d Cir. 2013) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)); *see also*

*Metro. Life Ins. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v.*

*Overseas Military Sales Cor.*, 21 F.3d 502, 507 (2d Cir. 1994)). This entails "making 'legally

sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would

suffice to establish jurisdiction over the defendant.'"  *Penguin Grp. (USA) Inc. v. America*

*Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (quoting *In re Magnetic Audiotape Antitrust Litig*., 334

F.3d 204, 206 (2d Cir. 2003) (alteration in original)).  When evaluating whether Plaintiff has met

its burden, the court will "construe the pleadings and any supporting materials in the light most

favorable to the plaintiff[]." *Licci*, 732 F.3d 161, 167 (citing *Chloe v. Queen Bee of Beverly Hills,*

*LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also Porina v. Marward Shipping Co.*, 521 F.3d

122, 126 (2d Cir. 2008).

In ruling on a 12(b)(2) motion, a court may consider materials outside the pleadings,

including affidavits and other written materials.  *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727

(2d Cir. 2012); *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 298 (S.D.N.Y. 1996), *aff'd*, 126

F.3d 25 (2d Cir. 1997).  The court assumes the verity of the allegations "to the extent they are

uncontroverted by the defendant's affidavits." *MacDermid, Inc.*, 702 F.3d at 727 (internal

quotations omitted).  Nonetheless, all factual doubts and disputes are resolved in the plaintiff's

favor.  *See A.I. Trad Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

**II.    Rule 12(b)(3)**

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies

with the plaintiff to show that venue is proper." *Detroit Coffee Co., LLC v. Soup for You, LLC*,

No. 16-CV-9875 (JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018) (internal quotations

omitted) (quoting *Cartier v. Micha, Inc.*, No. 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y.

Apr. 20, 2007)). Where no evidentiary hearing has been held, "the plaintiff need only make a

*prima facie* showing of [venue]." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)

(alterations in original) (internal quotation marks omitted). "Such a showing entails making

legally sufficient allegations, including an averment of fact that, if credited, would suffice to

establish that  . . . venue is proper." *Jenny Yoo Collection, Inc. v. Watters Design Inc.*, No. 16-

CV-2205 (VSB), 2017 WL 4997838, at *4 (S.D.N.Y. Oct. 20, 2017) (internal quotation marks

omitted) (quoting *BMW of N. Am. LLC v. M/V Courage*, No. 16-CV-4063 (JMF), 2017 WL

2223052, at *2 (S.D.N.Y. May 19, 2017)).  In considering whether venue is proper, the Court

"must view all facts in the light most favorable to the non-moving party." *Id.* (internal quotation

marks omitted) (quoting *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir.

2011)).

Upon a finding of improper venue, a court may either dismiss the action, or "if it be in the

interest of justice, transfer such a case to any district or division in which it could have been

brought." 28 U.S.C. § 1406(a).  Further, "[e]ven when venue is proper in the Southern District of

New York, the Court may transfer an action pursuant to 28 U.S.C § 1404(a)." *Fleur v. Delta Air*

4

*Lines, Inc.*, No. 15-CV-9513, 2016 WL 551622, at *1 (S.D.N.Y. Feb. 2, 2016) (internal quotation marks omitted) (quoting *Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010)). Specifically, § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district or division where it may have been brought . . . ." 28 U.S.C. § 1404 (a).

### III.    Rule 12(b)(6)

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable. *Iqbal*, 556 U.S. at 678. To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79.

### DISCUSSION

Defendants seek dismissal of the Complaint on the grounds of lack of personal jurisdiction; improper venue; and failure by many of the counts to state claims upon which relief can be granted. Alternatively, Defendants request that venue be transferred to the United States District Court for the Southern District of Ohio.

The Second Circuit has recognized that a court may "transfer venue even if it lacks personal jurisdiction over the defendants." *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). Accordingly, "[w]hen a defendant challenges both personal jurisdiction and venue, a court may consider venue first 'when there is a sound prudential justification for doing so.'" *Detroit Coffee Co.*, 2018 WL 941747, at *2 (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 455 (S.D.N.Y. 2013) (noting that a court may resolve the threshold question of venue before addressing jurisdiction), *aff'd sub nom. In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148 (2d Cir. 2015). Such prudential justification exists "where personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of New York, . . . since a decision to transfer would render [the] personal jurisdiction analysis with respect to [the Southern District] irrelevant." *Detroit Coffee Co.*, 2018 WL 941747, at *2 (alteration in original) (internal quotation marks omitted) (quoting *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013)). For this reason, the Court first analyzes Defendants' venue challenge.

## I.    Venue

Defendants contend that venue is improper in this District. Under 28 U.S.C. § 1391(b), venue is generally appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See, e.g., Rankel v. Kabateck,* No. 12 CV 216 VB, 2013 WL 7161687, at *3 (S.D.N.Y. Dec. 9, 2013).  Neither Defendants Tepeyac nor Guzman are alleged to reside in New York.  Plaintiff only alleges that venue is proper "because LS Parry, Inc. maintains its residence and principal place of business in Haverstraw, New York."  (Compl. ¶ 5.)  As none of the named Defendants reside in New York, the first category is inapplicable to the present action.

Instead, Plaintiff argues that venue is proper under § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" within this district.  (*See* Plaintiff's Memorandum in Opposition ("Pl. Opp."), ECF No. 25, at 8.)

### a.  Nature of the Claims and the Alleged Acts and Omissions

The Complaint contains eight counts.  First, Plaintiff asserts a breach of contract claim against Defendant Tepeyac, LLC. Plaintiff claims that Defendant violated its contractual obligations to Plaintiff by failing to pay for Plaintiff's sales and marketing services. (*Id*. ¶¶ 16–24.)  Second, in the event that no such contract existed, Plaintiff alternatively asserts an unjust enrichment claim against Defendant for "retaining the work and expertise and knowledge of [Plaintiff] without paying for it." (*Id*. ¶¶ 25–28.)

Third, Plaintiff asserts a quantum meruit claim against Defendant Tepeyac, LLC. Plaintiff claims that Defendant coopted the benefit of Plaintiff's work with Target for itself.  (*Id*. ¶¶ 29–33.)

Fourth, Plaintiff asserts a fraud claim against Defendants.  Plaintiff alleges that, despite representing to Plaintiff that they would pay for its services, Defendants had "actual knowledge" that these representations were "were false in fact." (*Id*. ¶ 37.)  As alleged, Defendants never intended to compensate Plaintiff even though they always planned on "us[ing] Plaintiff's efforts, skill, knowledge and abilities for their own benefit." (*Id*.).  Plaintiff alleges that it reasonably

relied upon Defendants' false representations when executing the Contract. (*Id*. ¶ 38.) In addition, Plaintiff asserts that the Court should impose punitive damages on Defendants because Defendant Guzman engaged in this fraudulent conduct "deliberately, intentionally, and willfully and with malicious intent." (*Id*. ¶ 40.)

Fifth, Plaintiff asserts a conversion claim against Defendants for converting Plaintiff's sales commissions and otherwise failing to provide Plaintiff with its contractually specified payment. (*Id*. ¶ 42–45.)

Sixth, Plaintiff asserts that Defendants are jointly and severally liable for violating New York General Business Law § 349, the Deceptive Practices Act, because Defendants engaged in fraudulent misrepresentation and other deceptive acts and practices to defraud Plaintiff. *(Id*. ¶¶ 46–51.)

Seventh, Plaintiff asserts a constructive trust claim against Defendants for wrongfully possessing Plaintiff's property, including commissions obtained from the sale of the "Lupita" toy and other benefits derived from Plaintiff's marketing and brokering efforts. (*Id*. ¶¶ 52–57.) Plaintiff alleges that Defendants acquired such property by "wrongful means, including fraud and deception." (*Id*. ¶ 54)

Eighth, Plaintiff asserts a tortious interference with contract claim against Defendants. Plaintiff alleges that Defendants are engaged in an ongoing effort to prevent Plaintiff from receiving the payment to which Plaintiff is contractually entitled. (*Id*. ¶ 59.) Defendants' interference is intentional and knowingly made to "benefit and enrich" themselves (*Id*. ¶ 62.)

Taken together, the central acts and omissions described in the Complaint include Defendants' failure to compensate Plaintiff, and Defendants' actions that allegedly subverted the agreement between the parties and misled Plaintiff.

**b.  Whether a Substantial Part of the Acts or Omissions Occurred in the District**

Plaintiff argues in its briefing that "Plaintiff maintains an office in Westchester County with the employees therein performing much of the contracted work in Westchester County." (*Id.*)  This assertion, however, is not supported by the pleadings or any affidavit presented to the Court.  While the Complaint does allege that Plaintiff maintains "additional offices in White Plains, New York," (Compl. ¶ 1), this averment falls far short of that which is required.  Plaintiff asks the Court to leap from the fact that Plaintiff maintains secondary offices in Westchester, New York to the conclusion that a "substantial part of the acts or omissions giving rise to the claim occurred" within this district.

Furthermore, it is "the acts of Defendants, not the activities of or harm to Plaintiff, [which] determine where venue properly lies."  *Ne. Landscape & Masonry Assocs., Inc. v. State of Connecticut Dep't of Labor*, No. 14-CV-9104 (KMK), 2015 WL 8492755, at *4 (S.D.N.Y. Dec. 10, 2015) (collecting cases).  Such an understanding of venue appears consistent with the Supreme Court's advisement that "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp*., 443 U.S. 173, 183–84 (1979) (emphasis in original).  From this perspective, too, the Complaint misses the mark.  It contains no allegations that Defendants' actions occurred in New York.  *See, e.g., Ne. Landscape & Masonry Assocs., Inc*., 2015 WL 8492755, at *4 (finding venue improper "because Defendants did not commit any of the alleged acts or omissions underlying Plaintiff's . . . claim in the Southern District of New York, and any relevant economic injury suffered by Plaintiff was tangential to that claim.").  The Court is required to "construe the venue statute strictly" and "take seriously the adjective 'substantial.'" *Glasbrenner*, 417 F.3d at 357.  Even construing the pleadings liberally, the Court does not find

sufficient factual allegations of "substantial" actions that occurred in New York.[1]  Accordingly, the Court concludes that Plaintiff has failed to make a prima facie showing of proper venue, and dismissal is warranted under Rule 12(b)(3).

## II.   Transfer

Nevertheless, rather than dismissing the action, the Court has discretion to transfer this action to any district where it might have been brought "if it be in the interest of justice." *See* 28 U.S.C. § 1406(a).  "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  Whether a transfer is in the interests of justice depends upon "whether the plaintiff has been diligent in pursuing his [or her] claim, whether the opposing party would be unduly prejudiced by the transfer, and whether [the] plaintiff's reason for bringing the case in the wrong forum is analogous to an 'erroneous guess' about an 'elusive fact.'" *Gibbons v. Fronton*, 661 F. Supp. 2d 429, 436 (S.D.N.Y. 2009).

---

[1] In its briefing, Plaintiff references two facts not alleged in the Complaint: (1) that Defendants shipped "Lupita" toys to Target stores in New York, and (2) Defendants attended a Toy Fair in New York.  Even if the Court were to credit these new allegations (which have not been submitted by way of affidavit), Plaintiff's position is still unavailing.

The fact that Defendants shipped the toys to Target stores in New York is incidental to Plaintiff's claims, which stem from the Contract between Plaintiff and Defendants, not Defendants and Target. The Court notes that the Contract itself, submitted with the Complaint, does not reference any marketing services or product placement activities directed to or in New York.  Furthermore, with respect to the sales agreement with Target, the Court notes that Plaintiff's own allegations undermine its position: according to the Complaint, Plaintiff had to "travel[] out of state," i.e., out of New York, to attend the "meetings with the Target buyers."  (Compl. ¶ 17.)

As for the Toy Fair, this fact appears to be in dispute -- Defendants respond that they attended the Toy Fair in 2017, a year before entering into the Contract.  Even crediting Plaintiff's allegation that Defendants attended in 2018, this visit is too tenuously connected to Plaintiff's claims to satisfy the "substantial" threshold.  *See Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 378 (S.D.N.Y. 2002) ("The fact that one interview took place in New York is not sufficient to defeat a motion to transfer.").  Plaintiff's allegations largely rest on Defendants failure to compensate Plaintiff after it helped secure a contract with Target. Plaintiff pleads no facts to suggest that Defendants' attendance at the Toy Fair contributed to the formation of the contract. Nor does Plaintiff allege that it assisted Defendants in participating in this particular Toy Fair.

The Court finds that Plaintiff has been diligent in pursuing its claim, and filed its Complaint in a timely fashion.  *See Gibbons*, 661 F. Supp. 2d at 436.   There is also no suggestion that Plaintiff selected this venue in bad faith.  *Cf. Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).  As to undue prejudice, Plaintiff provides no objection to venue in Ohio.  (*See* Pl. Opp.)  Here, "transferring the case does not prejudice the defendants, but failing to transfer it would deprive [Plaintiff] of an opportunity to litigate [its] complaint on the merits." *Id.* at 437.  Accordingly, the Court finds transfer to be in the interests of justice.  *See Open Solutions Imaging Sys., Inc. v. Horn*, No. 03-CV-2077, 2004 WL 1683158, at *7 (D. Conn. July 27, 2004) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer ...."); *see also Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 172 (S.D.N.Y. 2009) (noting that "[d]ismissal is a severe penalty" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, the Court concludes that venue in this district is improper, but that the case should be transferred to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1406(a).  Defendants' motion to dismiss is therefore DENIED, and Defendants' motion to transfer venue to the United States District Court for the Southern District of Ohio is GRANTED.s

Accordingly, the Clerk of the Court is respectfully directed to terminate Defendants'

Motion to Dismiss at ECF No. 24 and transfer the action to the District Court for the Southern

District of Ohio.


Dated:   August 25, 2020                                   SO ORDERED:
         White Plains, New York

                                        ___                                    _

                                              NELSON S. ROMÁN
                                              United States District Judge

12